UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYAN JOSE GALEANA MENDOZA, individually, | Case No. 3:23-cv-06025-TMC |
| Plaintiff, | ORDER GRANTING MOTION TO STAY |
| v. | |
| PIERCE COUNTY, a local governmental entity; BRIAN JOHNSON, in his individual and official capacities; ED TROYER, in his individual and official capacities; and DOES 1-9, in their individual and official capacities, | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff Bryan Jose Galeana Mendoza ("Galeana Mendoza") moves the Court for an order staying this civil action pending the resolution of criminal matters filed against him by Defendant Pierce County. Dkt. 18. For the reasons explained below, the Court GRANTS Galeana Mendoza's motion to stay until the pending criminal matters are resolved.

## II.    BACKGROUND

On May 12, 2022, after a vehicle chase in which Defendants allege Galeana Mendoza was driving a stolen vehicle, Pierce County Sheriff's Deputy Brian Johnson fired three shots at Galeana Mendoza, paralyzing him from the waist down. Dkt. 1-2 ¶¶ 3.2, 3.5, 3.7–3.8, 3.15;

1    Dkt. 9 ¶¶ 1.10, 1.13, 1.15–1.16. The next day, the Pierce County Prosecutor's Office filed a five-

2    count information against Galeana Mendoza alleging one count of theft of a motor vehicle, one

3    count of attempting to elude a pursuing police vehicle, and three counts of failing to remain at

4    the scene of a vehicle collision involving property damage. Dkt. 19 at 9–12. The Pierce County

5    Superior Court issued a bench warrant based on the criminal information under cause number

6    22-1-01487-5. *Id.* at 14. The court had also issued a bench warrant to Galeana Mendoza on an

7    existing criminal matter under cause number 21-1-03041-4. *Id.* at 6–7, 17.

8         On October 6, 2023, Galeana Mendoza filed a complaint in Pierce County Superior Court

9    alleging unconstitutional use of excessive force, as well as two state law claims of battery and

10   negligence. *See generally* Dkt. 1-2. On November 9, 2023, Defendants removed the case to this

11   Court. Dkt. 1.

12        On February 12, 2025, Galeana Mendoza appeared in Pierce County Superior Court to

13   quash the bench warrants in 21-1-03041-4 and 22-1-01487-5. Dkt. 19 at 16–17. The state court

14   quashed both warrants and set jury trials in both criminal matters for May 1, 2025. *Id.*

15        In this case, Galeana Mendoza and Defendants have issued initial disclosures and the first

16   sets of discovery. *Id.* ¶ 4. Galeana Mendoza has made objections and initial Fifth Amendment

17   reservations regarding the circumstances of the pending criminal prosecutions. *Id.* Defendants,

18   through the Pierce County Prosecutor's Office, have requested Galeana Mendoza's deposition in

19   this civil matter. *Id.* at 24–26. Galeana Mendoza contends, and Defendants do not refute, that the

20   requested deposition "will specifically include questions regarding Galeana Mendoza's actions

21   as charged in state criminal matters 21-1-03041-4 and 22-1-01487-5." *Id.* ¶ 6; *see generally*

22   Dkt. 20. Galeana Mendoza adds that he "has asserted and will assert his Fifth Amendment rights

23   against self-incrimination at a civil deposition regarding the facts and circumstances . . . [of] the

24   two underlying criminal matters brought by Defendant Pierce County[.]" Dkt. 18 at 3.

On February 20, 2025, Galeana Mendoza moved the Court for an order staying this civil action pending the resolution of the two criminal matters against him, arguing that his Fifth Amendment right against self-incrimination is implicated. Dkt. 18. Defendants responded on March 7, 2025, Dkt. 20, and Galeana Mendoza replied on March 12, 2025, Dkt. 22.

### III.    DISCUSSION

**A.    Legal standard**

The Constitution does not generally require a stay of civil proceedings pending the outcome of a related criminal case. *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence." *Carter-Mixon v. City of Tacoma*, No. 3:21-CV-05692-LK, 2024 WL 1988141, at *2 (W.D. Wash. May 6, 2024) (quoting *Keating*, 45 F.3d at 324). Still, district courts have discretion to stay civil proceedings "when the interests of justice seem to require such action." *Keating*, 45 F.3d at 324 (cleaned up).

In evaluating whether to stay a civil action during parallel criminal proceedings, courts must evaluate the "particular circumstances and competing interests involved in the case." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) (citation omitted). The court must first consider "the extent to which the defendant's [F]ifth [A]mendment rights are implicated." *Keating*, 45 F.3d at 324 (quoting *Molinaro*, 889 F.2d at 902). The other relevant factors are (1) the plaintiff's interest in proceeding expeditiously with the civil litigation, and the potential prejudice to the plaintiff from delay; (2) the burden imposed on the defendants; (3) judicial economy; and (4) the interests of non-parties and the public in the pending civil and criminal proceedings. *See Carter-Mixon*, 2024 WL 1988141, at *2 (first citing *Keating*, 45 F.3d at 324–25; and then citing *Molinaro*, 889 F.2d at 902–03).

ORDER GRANTING MOTION TO STAY - 3

1

**B.      A stay is warranted.**

2            Galeana Mendoza contends that a stay of the civil action until the two parallel criminal

3    matters are resolved is necessary. Dkt. 18 at 4. He argues that "[f]orcing [him] to answer

4    questions from the defendant Pierce County regarding the criminal charges filed against him will

5    significantly impair his Fifth Amendment rights." *Id*. Galeana Mendoza also asserts that the

6    other *Keating* factors warrant a stay. *Id*. Defendants neither dispute that Galeana Mendoza's

7    Fifth Amendment rights are implicated, nor oppose a stay. *See* Dkt. 20 at 2, 5. Defendants

8    instead propose a "short[,] time-limited stay of six months" to balance "the competing interests

9    that weigh in favor of a relatively speedy resolution of civil cases." *Id*. at 2. In his reply, Galeana

10   Mendoza reiterates his request for a stay pending resolution of the criminal state court matters

11   and proposes "mandatory six (6) month review hearings scheduled to apprise the Court of any

12   developments." Dkt. 22 at 1.

13           *1.      Extent to which Galeana Mendoza's Fifth Amendment privilege is implicated*

14           Both parties agree that Galeana Mendoza's Fifth Amendment rights are implicated by the

15   criminal cases Defendant Pierce County is prosecuting against him for alleged crimes that

16   occurred just before Defendant Deputy Johnson shot him. Dkt. 18 at 4–6; Dkt. 20 at 5. "The

17   Fifth Amendment privilege against self-incrimination 'protects an individual from being forced

18   to provide information that might establish a direct link in a chain of evidence leading to his

19   conviction.'" *Carter-Mixon*, 2024 WL 1988141, at *2 (quoting *United States v. Stringer*, 535

20   F.3d 929, 938 (9th Cir. 2008)). In a motion to stay, "the extent to which the defendant's Fifth

21   Amendment rights are implicated is a significant factor for the [court] to consider[.]" *Keating*, 45

22   F.3d at 326 (quoting Molinaro, 889 F.2d at 902). Specifically, when "simultaneous civil and

23   criminal proceedings involve the same or closely related facts, Fifth Amendment concerns weigh

24   in favor of granting a stay." *Wright v. Pierce Cnty.*, No. C-11-5154-BHS, 2011 WL 1314437, at

*2 (W.D. Wash. Apr. 4, 2011) (citing cases); *see also Klein v. Kim*, No. 2:20-CV-01628-BJR, 2021 WL 5356717, at *3 (W.D. Wash. Nov. 17, 2021) (noting that significant overlap between the civil and criminal matters "is indeed an important factor when considering a stay") (citing cases).

Here, the parallel civil and criminal cases "involve the same or closely related facts." *See Wright*, 2011 WL 1314437, at *2. As Defendants concede, at least one of the criminal cases "arose out of alleged conduct that either occurred simultaneously with or immediately before the shooting in this case." Dkt. 20 at 5; *see also id.* ("Galeana Mendoza's Fifth Amendment rights are highly implicated[.]"). Still, Defendants argue that Galeana Mendoza has already asserted his Fifth Amendment right to remain silent by objecting to Defendants' interrogatory about the circumstances just before the shooting. *Id.* Thus, Defendants state, "negative inferences may already be drawn from that assertion." *Id.*

But Defendants' argument only underscores the prejudice Galeana Mendoza faces by continuing to invoke his Fifth Amendment rights against self-incrimination in a deposition conducted by Defendant Pierce County. *See Wright*, 2011 WL 1314437, at *2 ("[A]ny attempt by Defendants in this civil action to depose [Plaintiff] will implicate his Fifth Amendment rights."); *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000) (concluding that "in civil proceedings adverse inferences can be drawn from a party's invocation of this Fifth Amendment right" to silence) (citation omitted). "If discovery moves forward, [Galeana Mendoza] will be faced with the difficult choice between asserting his right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights." *Wright*, 2011 WL 1314437, at *2 (citation omitted). In the "interests of justice," this factor weighs heavily in favor of a stay. *See Keating*, 45 F.3d at 324.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

     2.     *Galeana Mendoza's interest in proceeding expeditiously and the potential prejudice from delay*

Galeana Mendoza is requesting a stay of his civil case against Defendants because of the prejudice he faces if required to proceed *absent* a delay. *See generally* Dkt. 18. Accordingly, this factor supports a stay.

     3.     *Burden imposed on Defendants*

Defendants argue that they would be burdened by an "indefinite stay." Dkt. 20 at 5–6. They point to Galeana Mendoza's criminal cases being three years old or more and the uncertainty of when the criminal matters will resolve as "prejudic[ing] [their] ability to proceed expeditiously to a resolution of this [civil] case." *Id.* at 6.

But Defendants do not dispute that trial for Galeana Mendoza's two parallel criminal matters is imminent. *See id;* Dkt. 19 ¶ 5. Courts in this district have stayed proceedings in similar circumstances. *See L.C. v. Gilbert*, No. C09-5586 BHS, 2010 WL 1641533, at *3 (W.D. Wash. Apr. 21, 2010) (staying civil case when trial date for parallel criminal case was 10 months away); *cf. Klein*, 2021 WL 5356717, at *3 (W.D. Wash. Nov. 17, 2021) (denying stay in part because of potentially extensive delay where "[n]either party has described the status of the criminal proceeding, and there is no indication that trial is imminent"). Here, trial for both criminal matters is set for May 1, 2025. Dkt. 19 ¶ 5. Although a stay could lead to an initial delay, "[s]taying the civil proceedings until the criminal action is completed may actually expedite . . . the civil action, as there will likely be a more limited need for discovery after the criminal action." *L.C.*, 2010 WL 1641533, at *2. This may be especially true here where Galeana Mendoza has already said he "will assert his Fifth Amendment rights against self-incrimination" in response to interrogatories and questions in a civil deposition on the circumstances of the underlying criminal matters. *See* Dkt. 18 at 3. Finally, Galeana Mendoza's proposed "mandatory

six . . . month review hearings" on the status of the criminal cases will enable the Court to reevaluate a stay order if the underlying circumstances change. Dkt. 22 at 1; *see Carter-Mixon*, 2024 WL 1988141, at *4 (reducing the potential prejudice from a delay in the civil matter by crafting a "middle ground between denying the stay outright and continuing it indefinitely"). On balance, this factor is neutral.

       4.    *Judicial economy*

      "To determine whether judicial economy favors staying a case, courts examine whether the proceedings 'arise out of the same event' and the 'potential for complexity, overlapping issues, duplicative rulings, and conflict between the rulings of this Court and the criminal court.'" *United States v. Electron Hydro, LLC*, No. C20-1746-JCC, 2022 WL 594909, at *3 (W.D. Wash. Feb. 28, 2022) (quoting *Lakey v. Washington*, No. 3:20-CV-05557-RBL-JRC, 2020 WL 8617405, at *3 (W.D. Wash. Sept. 15, 2020)); *see also Wright*, 2011 WL 1314437, at *3 (same). Courts also "emphasize that staying a case in its early stages and waiting for criminal proceedings to conclude may reduce the amount of discovery needed in the civil case, thereby promoting an expeditious resolution[.]" *Klein*, 2021 WL 5356717, at *2 (citing cases). This analysis is weighed against district courts' general "interest in clearing their dockets and avoiding indeterminate delays." *Carter-Mixon*, 2024 WL 1988141, at *4 (citing *Electron Hydro*, 2022 WL 594909, at *3).

      Here, the parties do not dispute that the civil and criminal proceedings arise out of Galeana Mendoza's alleged vehicle theft and evasion of a pursuing police vehicle. Dkt. 18 at 6; Dkt. 20 at 5; Dkt. 19 at 9–12. "Because the proceedings arise out of the same alleged misconduct, there is a potential for overlap and duplicative or conflicting rulings between this case and the criminal proceeding." *Electron Hydro*, 2022 WL 594909, at *3; *see also* Dkt. 20 at 6–7 ("Defendants acknowledge there is significant overlap [and] . . . [b]y issuing a stay, this

1    Court could avoid the burden of ruling upon complex discovery issues related to Galeana

2    Mendoza's Fifth Amendment rights.").

3          As described above, a stay may also promote judicial efficiency by limiting inefficient

4    discovery motion practice concerning the scope of privilege that Galeana Mendoza will assert.

5    *See* Dkt. 18 at 3. This is supported by the case's relative infancy. *See Klein*, 2021 WL 5356717,

6    at *2; *see also Lakey*, 2020 WL 8617405, at *3 (staying case in part because civil case was in the

7    "early stages of litigation"); *L.C.*, 2010 WL 1641533, at *3 (same). To date, only one deposition

8    has been conducted and trial is set for January 2026. *See* Dkt. 15; Dkt. 18 at 8. Where, as here,

9    the "potential is high for unnecessary complexity, overlapping issues, [and] duplicative rulings

10   . . . staying the matter will be a more prudent and efficient management of resources." *See*

11   *Wright*, 2011 WL 1314437, at *3. This factor favors a stay.

12          5.       *Interests of non-parties and the public*

13          Broadly, "[t]he public has an interest in relatively speedy resolution of civil matters."

14   *Carter-Mixon*, 2024 WL 1988141, at *5 (quoting *Allen*, 2022 WL 683209, at *3). But "the

15   public's interest in the integrity of a parallel criminal matter generally takes precedence over the

16   civil litigant's private interests." *Id.* (citing *L.C.*, 2010 WL 1641533, at *3).

17          Defendants argue that a ruling in this civil case would not "contradict the outcome" of the

18   parallel criminal case because the claims in this lawsuit are different from the crimes alleged in

19   Galeana Mendoza's pending criminal cases. Dkt. 20 at 8–9 (citation omitted). But even if the

20   rulings would not be contradictory, the overlap between the parallel proceedings would still

21   cause Galeana Mendoza to be "faced with the difficult choice between asserting his right against

22   self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights" and

23   risking liability in the criminal cases. *See Wright*, 2011 WL 1314437, at *2 (citation omitted).

24   Because a stay pending the resolution of the two criminal cases would mitigate any concerns that

the civil action might have on the "integrity of [the] parallel criminal matter," this factor also supports a stay. *See Carter-Mixon*, 2024 WL 1988141, at *5. Accordingly, the *Keating* factors warrant a stay in this case.

## IV.    CONCLUSION

The Court GRANTS the motion to stay (Dkt. 18) this case until the two parallel state criminal matters, cause numbers 21-1-03041-4 and 22-1-01487-5, are resolved. The parties shall file a joint status report no later than October 30, 2025, apprising the Court on the status of the criminal matters, and every six months thereafter, until the stay is lifted. Any party may move to lift the stay once the criminal cases are resolved, or for other good cause.

Dated this 30th day of April, 2025.

Tiffany M. Cartwright
United States District Judge